WILLIAM J. O'BRIEN, PLAINTIFF IN ERROR, v. ALLAN BENNY, DEFENDANT IN ERROR.

"An act respecting writs of error," passed May 24th, 1894 (*Pamph. L., p.* 491), is valid legislation and effectually prohibits the removal into this court of judgments rendered in the Supreme Court on appeal from the judgment of Circuit Courts in cases of contested elections. *Rev., p.* 355, §§ 100, 109.

On motion to dismiss a writ of error.

For the motion, *Allan Benny, pro se.*

*Contra, Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

GARRISON, J.   This writ of error must be dismissed.  It is brought directly in the face of an act of the legislature forbidding " the bringing of any writ of error to reverse any judgment of the Supreme Court rendered on any appeal taken to the Supreme Court from the judgment of any Circuit Court in any case of contested election." *Pamph. L.* 1894, *p.* 491.

The judgment sought to be brought here by this writ is such a judgment.  The appeal given by the legislature from the Circuit to the Supreme Court is by the act above recited made final.  This whole procedure has been held to be, in legal effect, a legislative creation ancillary to the operation of canvassing votes, and producing a temporary effect only as to the result of any election. *Conger* v. *Convery,* 23 *Vroom* 417.

The right thus declared is inconclusive, and establishes nothing beyond a *prima facie* title.

In the creation of governmental apparatus of this sort, the legislature may, in its discretion, give or not give an appeal to the aggrieved party. If by one statute an appeal is given, it may by another be taken away. If successive appeals were provided, the second may be withdrawn, leaving the result of the first final and conclusive. This is the case here.

The notion that any judicial prerogative is infringed or even drawn into controversy by the legislation in question, is set at rest by the case in the Supreme Court to which reference has been made.

The writ is dismissed, with costs.