THE STATE, JOHN G. McCULLOUGH, RECEIVER OF THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, PROSECUTOR, v. THE CIRCUIT COURT OF THE COUNTY OF ESSEX.

| | |
|---|---|
| 59 | 103 |
| 59 | 107 |
| d63 | 542 |
| 63 | 652 |
| 59 | 103 |
| 64 | 568 |
| 59 | 103 |
| 70 | 555 |

The power to review the proceedings of municipal corporations in matters affecting the rights and property of individuals, which is exercised by the Supreme Court by means of the writ of *certiorari*, cannot be conferred by the legislature upon the Circuit Courts of this state.

---

On *certiorari*.

Argued at February Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Cortlandt Parker & Son.*

For the defendant, *Alfred F. Skinner.*

The opinion of the court was delivered by

GUMMERE, J. This writ brings up for review an order made by the Circuit Court of Essex county dismissing an appeal taken to that court, by the prosecutor, for the purpose of having there reviewed an ordinance which was passed by the township committee of Franklin township in that county, requiring the prosecutor to protect certain railroad grade crossings in said township by gates and flagmen.

The ordinance was passed by virtue of authority conferred upon the township committee for that purpose by the act of April 1st, 1895. *Pamph. L., p.* 765. That act, after authorizing the governing bodies of townships in counties of the first class to pass ordinances compelling railroad companies to protect dangerous grade crossings by gates and flagmen, provided that any company which should be required to so protect grade crossings might appeal from the ordinance to the Circuit Court of the county wherein such crossings are located, and then enacts that said court should thereupon "proceed to consider whether gates or flagmen, at such crossings, or either of them, as and in the manner directed by said ordinance, are necessary, having regard to the amount of railroad and other travel across the same; and whether, if so, the directions of such ordinance are reasonable; * * * should such court approve said ordinance as reasonably necessary, it shall be and remain valid; should the same be not approved, it shall be void." *Gen. Stat., p.* 2718.

The effect of this proviso is to lodge in the Circuit Courts a jurisdiction which has been heretofore exclusively exercised by this court, viz., the jurisdiction to review the proceedings of municipal corporations in matters affecting the rights and property of individuals; for, although the proceeding is called an appeal, the power conferred is identical with that which is exercised by this court by means of its prerogative writ of *certiorari*.

That the legislature cannot confer upon the Circuit Courts the power to review the proceedings of inferior tribunals by *certiorari*, has already been decided by this court in *State*,

*Flanagan, pros.,* v. *Plainfield,* 15 *Vroom* 118, the reason being that, by our constitution, the authority exercised by the King's Bench by means of the writs of *certiorari, mandamus* and *quo warranto,* is vested exclusively in the Supreme Court, and that, therefore, a law which attempts to transfer any portion of that authority to the Circuit Courts is unconstitutional.

It cannot be denied that this is what the proviso under consideration does. The power conferred by it is the *certiorari* power. The fact that it is designated by another name is immaterial. If the legislature can invest the Circuit Courts with this authority, merely by designating it an appeal, no reason can be perceived why it cannot, by the same process, also clothe them with the power heretofore solely exercised by this court through its prerogative writs of *mandamus* and *quo warranto.*

In my judgment, this provision of the act of 1895 is unconstitutional and void, and the order of the Circuit Court dismissing the prosecutor's appeal for want of jurisdiction was rightly made.

The writ of *certiorari* should be dismissed, with costs.