THE MAYOR AND CITY COUNCIL OF EAST ORANGE, PLAINTIFFS IN ERROR, v. WILLIAM H. HUSSEY ET AL., DEFENDANTS IN ERROR.

Submitted December 8, 1903—Decided May 13, 1904.

1. The Supreme Court is (with the single exception mentioned in *Decue* v. *Dufford*, 2 *Vroom* 302) the sole depositary of the remedial writ of *certiorari*, which, by force of article 10, section 1 of the constitution, it cannot be required to share with another tribunal.

2. If, of two interpretations of the language of a statute, one leads to a result that exceeds the power of the legislature, the other will be deemed to be what the legislature intended. *Conger* v. *Convery*, 23 *Vroom* 417; *S. C.*, 24 *Id.* 658, followed.

3. A supplement to "An act to provide for drainage and sewage in densely populated townships, in which there is a public water-supply" (*Gen. Stat., p.* 3639), provides that upon an application on behalf of a township committee the Circuit Court may appoint commissioners to assess benefits, and shall have power to consider the report of such commissioners and any objection thereto in a summary way, and to revise and confirm said report, with or without alteration, which report, when so confirmed, shall be plenary evidence of said assessment, which shall be paid to the township collector. *Held*, that inasmuch as the legislature could not empower the Circuit Court to review such municipal assessment to final determination without depriving the Supreme Court of its exclusive prerogative in this respect, the statute must be construed simply as requiring the Circuit Court to take part in perfecting the municipal proceeding.

4. A writ of error having been returned, bringing up this statutory proceeding, and a motion to dismiss such writ having been heard —*Held*, that such municipal proceeding, regardless of the agencies that took part in it, is reviewable by *certiorari* only, and not by writ of error.

On motion to dismiss a writ of error.

For the motion, *Colie & Duffield* and *Robert H. McCarter.*

*Contra, Philemon Woodruff.*

The opinion of the court was delivered by

GARRISON, J. This is a motion to dismiss a writ of error, the return of which brings up the appointment of commissioners to make an assessment upon lands benefited by a municipal improvement, the report of said commissioners and the testimony and proceedings had before them, together with a motion to the Circuit Court to confirm the said report, the objections to the same and a ruling of the Circuit Court refusing to confirm the report of the commissioners and dismissing the proceedings as to the said objectors.

On behalf of the motion, it is said that proceedings of this nature are not reviewable, in the first instance, by writ of error. It is also claimed that the participation of the Circuit Court therein did not so color the whole procedure as to render it subject to a writ of error, and it is also denied that the ruling of the Circuit Court itself may be brought directly into this court. Apart from such ruling, it is apparently conceded that *certiorari* is the appropriate and sole remedy for the review of proceedings of this nature; and, further, that unless such ruling be a final judgment of the Circuit Court, within the meaning of article 6, section 5, paragraph 3 of the constitution, the present appellate proceeding is misconceived. The language of the constitutional provision is: "Final judgments of any Circuit Court may be brought directly into the Court of Errors." This motion, therefore, raises the question of the appealable quality of the Circuit Court's ruling in the premises and that, in turn, rests largely upon a question of statutory construction.

The participation of the Circuit Court in the municipal proceeding in question is due to the provisions of a supplement to "An act to provide for drainage and sewage in densely populated townships, in which there is a public water-supply." *Gen. Stat., p.* 3639. The pertinent provisions of this supplement are that upon an application on behalf of a township committee the Circuit Court may appoint commissioners to assess benefits and have power to consider the

report of such commissioners and any objection thereto in a summary way, and to revise and confirm said report, with or without alteration, which report, when so confirmed, shall be plenary evidence of said assessment, which shall be a lien on lands and be payable to the person in said township authorized by law to collect taxes.

To anyone familiar with the history of legislation of this sort, it will be at once apparent that the duty imposed in this instance upon the Circuit Court is substantially the same as that conferred upon city council or other governing body, or some department thereof, under other statutes of a similar import, so that the practical result of the legislation in question is the employment or substitution of the Circuit Court in these proceedings in lieu of such municipal agencies. On behalf of the motion, it is claimed that giving this effect to the Circuit Court's participation in these proceedings, its action upon the report of the commissioners, be it what it may, is the action of a participant in the proceedings itself, and not in any proper sense a final judgment of a Circuit Court, from which it is argued that municipal proceedings, regardless of the nature of the agencies that participate in them, are reviewable by *certiorari* only, and never by writ of error.

The opposing view is thus presented in the brief of counsel for the plaintiffs in error:

"The question raised upon this motion depends for its answer upon whether or not the judgment of the Circuit Court is a final judgment, *or in the nature thereof*. If it is final in its character, then the constitution gives the writ as a matter of right. * * * When, therefore, the act providing for the assessment directs the Circuit Court to assume the responsibility of determining whether or not the assessment is proper, that court is put by the act in exactly the same position, with respect to these proceedings, as the Supreme Court is upon the return to a writ of *certiorari*, and its decision is as clearly a final judgment as that of the

Supreme Court in such a case. The only distinction is that the tribunal that decides in the one case is the Supreme Court, while in this case it is the Circuit Court, and this, obviously, makes no difference, as the result of the decision is the same whether the determination in any particular case is made by one court or the other—the decision in the Circuit Court, on a motion to confirm, being final in its character, and the decision in the Supreme Court, upon a writ of *certiorari,* being also final, but both being subject to review in this court."

Mere interpretation of the language of the supplemental legislation in question would inadequately dispose of the issue thus presented, in view of a construction that may, upon constitutional grounds, be compelled in order to give any effect at all to the legislative will.

Briefly, the situation is this: The statute may be interpreted as requiring the Circuit Court to take part in the municipal proceeding, which is the contention of the defendants in error, or it may be interpreted as removing the proceeding into the Circuit Court, which is thereupon to be "in exactly the same position, with respect to the said proceedings, as the Supreme Court is upon the return to a writ of *certiorari,*" which is the precise contention of the plaintiffs in error.

If, of these interpretations, one ascribes to the statutory language a result that transcends the power of the legislature, the other will, by a familiar rule of construction, be deemed to be what the legislature intended. A controlling inquiry, therefore, is whether it is within the power of the legislature to confer upon Circuit Courts a jurisdiction to review municipal assessments that is in all essential respects a counterpart of that exercised by the Supreme Court by its supervising writ of *certiorari.*

Analogy and the trend of judicial decision indicate that this cannot be done.

The general doctrine of the immutability of our constitu-

tional tribunals, except by a change in the organic law itself, is firmly established in our jurisprudence. *Harris* v. *Vandever,* 6 *C. E. Gr.* 424; *Decue* v. *Dufford,* 2 *Vroom* 302; *Traphagen* v. *West Hoboken,* 10 *Id.* 232; affirmed, 11 *Id.* 193; *Green* v. *Jersey City,* 13 *Id.* 118; *Flanagan* v. *Plainfield,* 15 *Id.* 118; *Boenenger* v. *Belvidere, Id.* 350; *Entries* v. *State,* 18 *Id.* 140; *In re Cleveland,* 22 *Id.* 311; *Conger* v. *Convery,* 23 *Id.* 417; affirmed, 24 *Id.* 658; *Central Railroad Co.* v. *Tunison,* 26 *Id.* 561; *Van Angler* v. *Bayonne,* 27 *Id.* 463.

The cases cited furthermore illustrate the gradual evolution of the doctrine that these constitutional tribunals may not only not be shorn of their prerogative powers except by an organic change, but that they cannot be required by mere legislation to share any of these powers with another tribunal.

In *Decue* v. *Dufford* this question did not arise.

In *Traphagen* v. West Hoboken, the Supreme Court, while conceding the legislative authority to impose reasonable regulations upon the procedure by *certiorari,* affirmed the inviolability of this superintending jurisdiction. *Green* v. Jersey City was to the same effect.

In *Flanagan* v. Plainfield, Mr. Justice Van Syckel, delivering the opinion of the Supreme Court, made the following statements: "The distinguished feature of the King's Bench was the authority which it alone exercised by means of the writs of *certiorari, mandamus* and *quo warranto.* That our constitution was framed to perpetuate in our Supreme Court the same ample and exclusive power is clearly shown by the opinion of the Chief Justice in *State, Dufford, pros.,* v. *Decue,* 2 *Vroom* 302. The Supreme Court is the sole depositary of these prerogative writs. The constitution makes this court unassailable by legislation. The logical sequence is that the power to send these writs cannot be distributed and lodged in other courts at legislative will. No tribunal of co-ordinate jurisdiction can be created. A legislative scheme giving the Circuit Courts the use of any of these writs cannot be effectuated without violating fundamental principles."

That this language applied with full force to the superintending of proceedings such as those now before us, is evident from the paragraph that follows:

"This result, however, does not lead to the conclusion that the legislature may not commit to a justice of the Supreme Court [or to the Circuit Courts] the duty of examining assessments for improvements made by commissioners, or proceedings to sell lands for taxes, with authority to direct the necessary amendments, for in these instances the proceedings must be reviewed by *certiorari* out of this court to the parties making the assessments or instituting the proceedings for tax sales after they have been perfected."

In re Cleveland, Chief Justice Beasley, speaking of the writ of *quo warranto,* said: "That process is and always has been one of the prerogative writs of the Supreme Court and which, consequently, except as to form, is absolutely beyond legislative control. Nor can the cognizance which the Supreme Court, by means of this procedure, exercises over the title to public office be imparted by the legislature, either in whole or in part, to an individual or to any other tribunal."

In Conger v. Convery, the same judge, speaking of the Supreme Court and its writ, said: "Nor can this, or any other of the high constitutional courts, be required by legislative mandate to share with another tribunal any of their prerogatives."

As this opinion was expressly adopted by this court, affirming the judgment below, it may be taken as indicating the *status* of the doctrine in question in this court.

The case just cited is also an instructive illustration of the principle of statutory construction to which reference has been made. The question in the case was whether the legislature had empowered Circuit Courts to give final judgment in certain election cases between a contestant and an incumbent holding a certificate of election from the election board. The statute, in express terms, provided that the Circuit Court should have jurisdiction to hear and determine

such controversies; that there should be a trial in said court, with proceedings similar to those in actions at law, and that the court should "pronounce judgment" and enforce it by its own process. Yet, notwithstanding these *indicia* of purpose (all of which, by the way, are lacking in the present case), it was held by the Supreme Court that rendition of a final or conclusive judgment was not authorized by this statute, for the reason that to have done so would be to clothe the Circuit Courts with the same power that the Supreme Court exercised by its writ of *quo warranto,* and this appearing the procedure established by the Election law in the Circuit Court must be regarded simply as a part of the election apparatus in which the Circuit Court was required to take part. If this decision, which, together with the reasoning upon which it rested, was affirmed by this court, is not a precise parallel to the case in hand, it is only because the case cited carried the principle of construction under consideration so much further than the circumstances of the present case require.

In *O'Brien* v. *Benny,* 29 *Vroom* 189, which was one of the outbranches of the same litigation, the doctrine of the case last cited was approved and followed.

The decision in *Moran* v. *Jersey City,* 29 *Vroom* 653, that certain remedial statutes applied to proceedings by *certiorari* in the Supreme Court and not to proceedings in error in this court, throws also a significant side light upon the question more immediately under discussion.

These decisions and judicial expressions establish the proposition that the Supreme Court is (with the single exception noted) the sole depositary of the remedial writ of *certiorari,* and that it can neither be required to forego the use of such writ itself nor required to share it with another tribunal.

The bearing of this doctrine upon the construction to be given to the statutory proceeding before us has been, in a measure, anticipated. For, if the legislature is powerless to empower the Circuit Court to take cognizance of a mu-

nicipal assessment and proceed with it substantially as upon *certiorari,* then it must merely have intended to require the Circuit Court to take part in perfecting such municipal proceeding, which, regardless of the nature of the agencies that take part in it, remains a municipal proceeding, reviewable by *certiorari* only.

In view of this conclusion, any discussion of *Eames* v. *Stiles,* 2 *Vroom* 490, or other cases of like import, would clearly be out of place, inasmuch as under the construction given to the statutory provisions under consideration the juncture contemplated in those decisions cannot arise.

The motion to dismiss should prevail, with costs.