## BOROUGH OF RUTHERFORD v. JANET S. MEGINNIS.

Argued February 21, 1905—Decided June 12, 1905.

1. When the Circuit Court has once confirmed a report of commissioners of adjustment under the act of 1898, it cannot subsequently modify or amend the order of confirmation.
2. Upon *certiorari*, a general reason is sufficient when the error is apparent on the face of the proceedings.

On *certiorari*.

Before Justices DIXON, GARRISON and SWAYZE.

For the prosecutor, *John M. Bell.*

For the defendant, *Edward J. Luce* (*Walter A. Kip,* on his brief).

The opinion of the court was delivered by

SWAYZE, J. By an order made April 25th, 1904, the Bergen Circuit Court confirmed a report made by commissioners of adjustment for the borough of Rutherford under the act of 1898 concerning the settlement and collection of arrearages of unpaid taxes, assessments and water rates. Included in the taxes settled and adjusted by this report were taxes for several years against property now owned by the prosecutor. The order of confirmation directed that the report be confirmed in all things except as to certain assessments, which were ordered to be stricken out of the report. The assessments against the Meginnis property were not among those stricken out.

By an order of June 20th, 1904, the court directed that the order of April 25th be modified and amended by adding to the assessments stricken out those against the Meginnis property.

The borough has brought these orders to this court for review.

In proceedings of this character the Circuit Court merely takes part in perfecting the municipal proceeding, which, regardless of the nature of the agencies that take part in it, remains a municipal proceeding. *East Orange* v. *Hussey,* 41 *Vroom* 244.

The power of the Circuit Court to make the order of June 20th depends not upon the general control which that court may exercise over its own orders and proceedings, but upon the terms of the statute conferring the power. Section 3 of the act of 1898 (*Pamph. L., p.* 442; amended, *Pamph. L.* 1903, *p.* 692) provides that the court shall either confirm the report or refer it back to the commissioners for reconsideration, and that the report, upon being confirmed, shall be final and conclusive upon the municipality and upon all persons owning the lands assessed and against all persons whomsoever; and that the amount fixed shall *thereupon* become and be a valid and binding tax, assessment and lien.

These provisions of the statute make it clear that when

the report is once confirmed the power of the court is at an end, and the amount of the lien as determined by the commissioners become at once valid and binding. The Circuit Court was therefore without power to make the order of June 20th.

This objection is apparent on the face of the proceedings, and the general reason assigned for reversal is therefore sufficient. *Griffith* v. *West*, 5 *Halst.* 350; *New Jersey Railroad and Transportation Co.* v. *Suydam*, 2 *Harr.* 25 (note at *p.* 69); *Paterson* v. *Freeholders of Passaic*, 27 *Vroom* 459, 462. The order of June 20th, 1904, must be set aside, with costs.