THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEW BRUNSWICK, PROSECUTOR, v. RANDALL Mc-CANN.

Argued June 11, 1906—Decided June 26, 1906.

The act of 1906 (*Pamph. L., p.* 18) which directs a justice of the Supreme Court to rehear in a summary way the charges against a policeman who has been suspended or dismissed by any police board or board of commissioners is void, because it is an attempt to confer upon a statutory tribunal the prerogative right of the Supreme Court to review by *certiorari* the proceedings of the municipal board.

On *certiorari.*

This writ brings up an order made by a justice of the Supreme Court under color of an act for a summary review of proceedings on the suspension, dismissal, retirement or reduction in rank of members of the police force in this state. *Pamph. L.* 1906, *p.* 18.

The order directs that a bond shall be filed by the petitioner to secure the payment of the costs, and fixes a day for the hearing of the matter before the said justice.

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *Edward W. Hicks.*

For the defendant, *George S. Silzer.*

The opinion of the court was delivered by

REED, J.    The petition on which the orders were made sets out that McCann, the petitioner, was a police officer of the city of New Brunswick; that charges were presented against him; that he was found guilty of the second charge and suspended for six weeks without pay.

It is not denied that his application to the justice of the

Supreme Court and the orders made by the said justice were in strict conformity with the provisions of the act of 1906.

The reasons assigned for the vacation of the order are all directed against the constitutionality of the statute which imposes this duty upon a justice of the Supreme Court. Section 1 of the statute provides that all proceedings, as well as any judgment rendered by any police board, or police commissioners, or other body having jurisdiction over such matters in connection with the suspension, dismissal, retirement or reduction in rank of any members of any police force in this city shall be reviewable by any justice of the Supreme Court in a summary way.

Section 2 requires the said justice, upon petition filed by the aggrieved party to rehear the matter, both upon the law and the facts, and upon notice to the parties in such way as the justice shall direct, and the justice is required to give such judgment in the premises as shall be lawful and just.

Section 4 preserves the right to any other proceeding, either in law or equity, to which said parties may be entitled.

It seems manifest that this act does not provide for a review of designated municipal acts by the Supreme Court. If it should be conceded that the legislature has the ability, not merely to permit the Supreme Court to designate one of its members to sit for that body, but to require a justice of that court to hear and finally decide a cause as a representative of the Supreme Court, which power is not admitted, nevertheless it is apparent that this is not the purpose of the present statute. No papers are to be filed in the Supreme Court, nor are there any indications of an intention to provide for an appeal to that tribunal. The intention exhibited is to constitute a justice of the Supreme Court a new appellate tribunal for the trial of this limited class of cases, namely, the suspension or dismissal of police officers.

The question presented is this: Can the legislature create an inferior appellate court designed to exercise the prerogative powers of the Supreme Court, although a writ of *certiorari* may lie to this new tribunal from the Supreme Court to review its proceedings?

It is entirely settled that the legislature cannot strip the Supreme Court of its ancient power to issue the prerogative writs of *mandamus, quo warranto* and *certiorari.* In the case of *McCullough* v. *Essex Circuit Court, 30 Vroom* 103, the Supreme Court held that the appeal taken to the Circuit Court from an action of the township committee in passing an ordinance was properly dismissed by the Circuit Court. The dismissal, thus approved, was for want of jurisdiction in the Circuit Court, although the statute expressly authorized such an appeal. The statute was held to be an infringement upon the exclusive power of the Supreme Court to review such a proceeding by its prerogative writ.

In *Green* v. *Heritage, 35 Vroom* 567, it was held by the Court of Errors and Appeals that the legislature could not confer upon the Circuit Court power to review the judgment of District Courts in matters of law which might be reviewed by the Supreme Court on *certiorari.* It was held that it did not matter that the proceeding for the review was styled an appeal. It is true that in the opinion the fact was mentioned that a writ of error might, at the option of a litigant, be taken directly from the Circuit Court to the Court of Errors and Appeals, and thus a review by the Supreme Court could be evaded. In this respect that case differs from this case, for in this case the *certiorari* would go to the justice of the Supreme Court to review his rehearing of a municipal act. But the line of reasoning in the Heritage case is that the right of the Supreme Court to review attaches to the original proceedings whenever they are instituted, so that whenever there is an attempt to divert the appellate power over such proceedings to another tribunal, whether then existing or then created, it is an infringement upon the prerogative power of the Supreme Court.

The doctrine thus enunciated is illustrated and supported by those cases in which the legislature has conferred upon tribunals other than the Supreme Court a power which has a semblance of being appellant, but which have been held for the purpose of supporting the legislation to be an original and not an appellate power.

In *Somerset* v. *Hunterdon,* 23 *Vroom* 512, a statute authorized a justice of the Supreme Court to decide concerning the location, expense or reparation of a bridge between adjoining counties where the boards of chosen freeholders of the respective counties could not agree, was held to be valid. In this case there was no appellate function conferred upon the justice. He was to decide, in the first instance, respecting a matter *inter partis.*

In *Conger* v. *Convery,* 23 *Vroom* 417, while it was again asserted that the Supreme Court could not be required to share with another tribunal any of its prerogative powers, nevertheless an act providing that the Circuit Court should have jurisdiction to hear and determine controversies between the contestant and incumbent was vindicated, because the function of the Circuit Court was regarded, not as appellate, but simply as part of the election apparatus provided to ascertain the number and character of the votes cast.

The same doctrine is recognized by the Court of Errors and Appeals in *O'Brien* v. *Benny,* 29 *Vroom* 189.

So, in *East Orange* v. *Hussey,* 41 *Vroom* 244, a statute providing that the Circuit Court could appoint commissioners to assess benefits received from drains and sewers, to consider the reports of the commissioners and to revise and confirm the reports with or without alterations, which report, when confirmed, should be plenary of said assessment, was held good. The statute was supported upon the ground that it must be regarded as requiring the Circuit Court to take part in perfecting the municipal proceedings.

These cases, it is perceived, sustain the constitutionality of the act conferring power upon the Circuit Court entirely upon the ground that the power thus conferred is not appellate. Nor is the apparent conflict between this doctrine and the familiar instances of appeals from justices' courts to Courts of Common Pleas, and then a review of the judgment of the lower court by *certiorari* to either the Supreme Court or Circuit Court more than apparent. This feature of our jurisprudence is exceptional and arises from the fact that

the Courts of Common Pleas were recognized by our present constitution, and at the time of the adoption of that instrument they were invested with power to hear appeals from courts of trial for small causes, and from the further fact that the Circuit Courts, also recognized by our constitution, were also in existence in 1844, with power, under the act of 1838, to review these judgments of the Court of Common Pleas by writ of *certiorari*. *State, Dufford, pros.,* v. *Decue,* 2 *Vroom* 302.

We are of the opinion that the act of 1906, under which this order was made, is unconstitutional, and the order itself a nullity, and must be vacated.