JOHN SEYMOUR, PLAINTIFF IN ERROR, v. THE CITY OF ORANGE, DEFENDANT IN ERROR.

Submitted June Term, 1906—Decided March 4, 1907.

1. The act concerning the government of cities of the second class (*Pamph. L.* 1892, *p.* 119; *Gen. Stat., p.* 500) is a special act regulating the internal affairs of cities, and is therefore unconstitutional.
2. *Christie* v. *Bayonne,* 35 *Vroom* 191, approved.

———

On error to the Supreme Court.

For the plaintiff in error, *Simeon H. Rollinson.*

For the defendant in error, *William A. Lord.*

The opinion of the court was delivered by

SWAYZE, J. The plaintiff in error sued to recover salary as president of the common council of the city of Orange, or, failing that, the per diem compensation given to members of the council by the city charter. The case was tried before the Chief Justice, without a jury, and he found in favor of the defendant.

The only right of the plaintiff as a member of the council or as president thereof arises out of the act of 1892. *Pamph. L., p.* 119; *Gen. Stat., p.* 500, *pl.* 202. This act was held by the Supreme Court to be unconstitutional in *Christie* v. *Bayonne,* 35 *Vroom* 191, upon the authority of our decision in *De Hart* v. *Atlantic City,* 34 *Id.* 223, and we are now confronted with the question whether *Christie v.* Bayonne was rightly decided.

There is a distinction between the statute involved in the De Hart case and that now before us. The former required the city government to act within three months from the date of the passage of the act. The latter requires that the act be submitted to the voters at the next municipal election after its approval. In similar cases we have held that the words "the next municipal election" ought to be construed to mean the next election after the municipality comes into the class affected by the legislation. *Ross* v. *Freeholders of Essex,* 40 *Vroom* 291; *Fagan* v. *Payne,* 59 *Atl. Rep.* 568.

If the provision for submission to the voters stood alone this case would be governed by the decisions last cited, but the act of 1892 required a resolution of the common council of the city before the act can be submitted to the people. Such a resolution can only be adopted in an existing city. If the effect of requiring such a resolution is to prevent the application of the act to cities which would be subject thereto but for the fact that their existence may have begun after the passage of the act, the act must be regarded as special, and

since it clearly regulates internal affairs of cities, it would, in that event, be unconstitutional. The rule laid down in De Hart *v.* Atlantic City was expressly approved in Ross *v.* Freeholders of Essex, and the only question was whether it was applicable to the case in hand.

In *Bennett* v. *Trenton,* 26 *Vroom* 72, it was held that an act applicable only to cities having certain characteristics at a particular time was bad, because it did not apply to cities which might have those characteristics thereafter. Subsequently, in *Cooper* v. *Springer,* 36 *Id.* 594, 597, we explained this ruling as one that was limited to instances where the class would in the future, in the ordinary and regular course of events, be increased and added to. Cases where the class is added to by the natural growth of population are clearly within the rule, but not because there is any special peculiarity in a classification by population, but because such increase can be readily foreseen in the present social conditions, and the failure of the legislature to provide for it evinces a design to limit the application of the statute.

That the rule is not limited to cases where the increase in the class is due to an increase of population is shown by our decisions.

In the early case of *Richards* v. *Hammer,* 13 *Vroom* 435, the Supreme Court declared an act to be unconstitutional because its operation was restricted to cities where a board of assessment and revision of taxes existed at the time of the passage of the act. In that case the class could be increased only by future legislation. The case was affirmed by this court on another ground, but without criticism of the reasoning of Chief Justice Beasley. 15 *Id.* 667.

In *Stahl* v. *Trenton,* 25 *Vroom* 444, and in *State* v. *Post,* 26 *Id.* 264, the class of persons to be affected was liable to be increased by acts of individuals.

The rule established by these cases is that when the class is likely to be increased in the ordinary and regular course of events, either by natural causes, by statutory changes, or the conduct of individuals, the legislation must not only apply to the then existing members of the class, but to those who are

likely, in the ordinary and regular course of events, to become members of the class in the future.

In the present case the class to be affected was cities with a population of not less than twelve thousand nor more than one hundred thousand inhabitants. There was at the time at least one township in the state with a population large enough to make a city of the second class, and possessing many of the powers of cities. It was only a question of a short time when such a township would become a city in name as well as in fact, as actually happened in 1899. *Hussey* v. *East Orange,* 43 *Vroom* 71. Later, in the ordinary growth of population, other municipalities with differing names reached the minimum number required for cities of the second class, and the Long Branch commission was incorporated as a city in 1904. *Pamph. L.* 1904, *p.* 376. There are now at least eight towns in the state with more than twelve thousand population. All may soon be called cities, and would immediately become cities of the second class, but this legislation would not be applicable because there could be no prior vote of the city council to authorize the submission of the act to the voters at the next election after the city entered the class.

We therefore think the act of 1892 unconstitutional. With it falls the claim of the plaintiff to salary as president, or to a per diem compensation under the charter, for he was not a member of the council except as the act of 1892 made him such.

He cannot recover under an implied contract for services rendered. The services were rendered solely on the faith of the act, and in anticipation of such compensation as the act and subsequent legislation provided. Under such circumstances no contract is implied against a municipality. *Evans* v. *Trenton,* 4 *Zab.* 764; *Dill. Mun. Corp.,* § 230.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, TRENCHARD, VREDENBURGH, GREEN, DILL, J.J. 11.

*For reversal*—PITNEY, BOGERT, VROOM, GRAY, J.J. 4.