Alicia VILLINES, Plaintiff,

v.

Patricia HARRIS, Secretary of HEW.

Civ. No. 79–3527.

United States District Court,
D. New Jersey.

April 17, 1980.

Theodore Gardner, Hudson County Legal Services Corp., Jersey City, N. J., for plaintiff.

Robert J. Del Tufo, U. S. Atty. by Charles S. Crandall, Asst. U. S. Atty., Newark, N. J., for defendant.

## OPINION

BIUNNO, District Judge.

This case is a "civil action", begun by complaint in the usual course, for judicial review of a final decision of the Secretary of the Department of Health, Education and Welfare (HEW) denying application for benefits claimed under the Social Security Act, Title 42 U.S.C.

The jurisdiction of the court arises from statute, 42 U.S.C. § 405(g). The provisions of the statute, taken together with the accumulated decisional law, make the action essentially the same in nature and scope as the common law writ of certiorari, a prerogative writ. The action, as well as the rule of decision, is closely analogous to those governing that prerogative writ. The evidence consists of the record of proceedings before the administrative agency. The rule of decision, on review of that record, is whether it contains substantial evidence to support the agency decision in most cases. In some cases, the review may include the question whether the agency decision correctly applied governing law (including rules and regulations), and in others may bring into question the meaning and interpretation of that law, or its validity, or the constitutionality of one provision or another, or of the procedures employed.

 Since the federal courts are not courts of general jurisdiction possessing all the powers of the Kings Bench, the accumulation of precedent in the general field is somewhat nebulous, especially since the law in each of the circuits is controlled by the decisions of the Court of Appeals in the particular circuit until such time as a decision of the Supreme Court of the United States resolves differences between the circuits.[1]

1. Decisions of the Court of Appeals for a given circuit are binding on the district courts within the circuit, but are not binding on courts in other circuits, whether at the appellate or district level. See, *Massaro v. United States Lines Co.*, 198 F.Supp. 845 (D.Pa.1961), *aff'd.*, 307 F.2d 299 (CA 3, 1962). In that case the district court ruled that it was bound by an earlier Court of Appeals ruling, and that Court adhered to it (although not so bound) and affirmed.

See, also, *John Deere Co. v. Graham*, 333 F.2d 529 (CA8, 1964) for a rare decision that states the principle at the Court of Appeals level; its decision was affirmed, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966) but without mention of this principle.

*Bruning v. U. S.*, 376 U.S. 358, at pp. 359–360, 84 S.Ct. 906, at p. 907, 11 L.Ed.2d 772 (1964) illustrates the principle to the extent that conflict between the circuits is a major basis for the grant of certiorari by the Supreme

Court. A more recent example is *Southern R. Co. v. Seaboard etc., Corp.*, 442 U.S. 444, at 447–448, 99 S.Ct. 2388, 2391, 60 L.Ed.2d 1017 (1979) where certiorari was granted to resolve a conflict between the Eighth Circuit and the District of Columbia Circuit.

Decisions of the Supreme Court are binding on all other courts when they are rulings on the merits, even on summary affirmance, or dismissal for want of a substantial federal question. See *Hicks v. Miranda*, 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975), recently applied in the *Southern R. Co.* case, *supra*, 442 U.S. at 462, 99 S.Ct. at 2398. Summary dispositions on the merits may have less value as precedent, but this is only true at the level of the court that made the ruling; it may be free to modify its position at its own level, but lower courts are bound until a higher court informs them they are not. See, also, the earlier discussion of the same point, *U. S. v. R. J.*

The State of New Jersey, whose boundaries coincide with those of this District, is one of the original thirteen States of the Union, and is a "common law" State. The structure of its law may be looked to for general background about prerogative writs in general and the writ of certiorari in particular.

New Jersey's first Constitution, adopted July 2, 1776, terminated its status as an English colony and began its sovereign existence as a State. Art. 22 of that Constitution continued the common law of England in force. That constitution was replaced by the Constitution of 1844, modelled largely in structure and content on the Constitution of the United States. By Art. 10, par. 1, it, too, continued in force the common law, as well as the existing courts of law and equity. So, also, the current Constitution of 1947, by Art. 11, sec. 1, par. 3, continued in force all existing law.

It was long ago settled that the former Supreme Court, as established by the Constitution of 1844, was vested with all the powers of the Kings Bench, which the Legislature was powerless to cut down, or to assign to other courts. This principle was especially strong in the field of prerogative writs, of which certiorari was the one most frequently sought. See, for example, *City of East Orange v. Hussey*, 70 N.J.L. 244, 57 A. 1086 (E & A 1904); *In re Vice Chancellors*, 105 N.J.Eq. 759, 148 A. 570 (Ch. 1930); *Flanagan v. Plainfield*, 44 N.J.L. 118 (1882).

The complexities and technicalities involving the prerogative writs, including certiorari, induced the draftsmen of the 1947 Constitution to erase the procedural niceties while preserving the judicial authority and the remedies. This was achieved by a single sentence:

"Prerogative writs are superseded, and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where review shall be discretionary." *N.J.Const.1947*, Art. 6, sec. 5, par. 4.

■ Thus, in New Jersey, where prerogative writ jurisdiction is constitutionally placed in the Superior Court, judicial review of administrative action is afforded as of right, and no statute is needed to provide that review. See *Ward v. Scott*, 11 N.J. 117, 93 A.2d 385 (1952).

■ With this context, it is easily seen that the "civil action" allowed by the Congress in 42 U.S.C. § 405(g) amounts to a specific statutory authorization for the equivalent of prerogative writ review of final decisions of HEW. By very close analogy, it is the equivalent, in the New Jersey system, of prerogative writ review of the final decisions of State administrative agencies, a remedy *procedurally* provided by rule through what is called an "appeal" to the Appellate Division of Superior Court under N.J.Const. Rule R.2:2–3(a)(2), although in fact the Appellate Division is exercising original jurisdiction in such cases, rather than truly "appellate" jurisdiction, because the tribunal below is an administrative agency of the executive branch, and not a "court" of any kind in the judicial branch.

The civil action authorized by 42 U.S.C. § 405(g) is essentially the same, and this court's function is essentially the same.

A collateral issue has arisen in this case because HEW applied for an extension of time for the filing of answer. Under F.R. Civ.P. 12, agencies of the United States are allowed 60 days to serve and file answer. Under 42 U.S.C. § 405(g), the Secretary "shall", as part of the answer, file a certified copy of the transcript of the agency proceedings.[2]

In this case, HEW served and filed a motion, before the 60 days had run, for an

---

· *Reynolds, etc.*, 416 F.Supp. 316, at 320, footnote 1 (D.N.J., 1976).

**2.** In the New Jersey practice for court review of state agency decisions, the process of compiling the record begins with the filing of a statement of the items comprising the record below, with opportunity to correct or modify it at the request of the party seeking review. See N.J. Court Rules R.2:5–4(b) and R.2:5–5.

extension of time to answer, supported by affidavit that the agency was unable to complete the certified copy of the transcript by that time.

Plaintiff declined the customary consent to the request for extension, not out of obstinacy but out of what counsel conceives to be essential to preserve the issue on the point for eventual appeal.

The argument on the motion to enlarge the time disclosed that plaintiff's claim is that HEW *always* asks for more time, to carry out some administrative policy of delay, or to achieve some kind of "conspiracy" between HEW and the Department of Justice to delay HEW reviews, or the like. However, the contention was grounded on matters of fact set out in the brief, or attached to the brief, but not part of the record on the motion.

To assure every opportunity to plaintiff to present the facts, the court carried the motion for extension of time to April 14, 1980, and counsel indicated he would meanwhile take depositions to establish the facts.

Before April 14, 1980, HEW moved on short notice to quash a notice for depositions. At the hearing on the motion to quash, it appeared from the record that HEW had meanwhile served and filed answer along with the certified transcript as directed by the statute. HEW took the position that the filing mooted the collateral issue raised by plaintiff. Plaintiff countered with the view that the filing was ineffective because it was late and without leave of court. The court observed that the question of leave was set down for April 14th and was not before it on the motion to quash. It asked plaintiff's counsel what he would do if leave for late filing were denied, and the reply was that he would move for judgment by default.

F.R.Civ.P. 55(e), however, forbids default judgment against an agency of the United States "unless the claimant establishes his right to relief by evidence satisfactory to the court."

■ In a statutory review of administrative action, like that provided by 42 U.S.C. § 405(g), the *only* evidence the court can consider is the transcript of the agency record. Since the Congress has directed that the transcript be filed "as part of the answer", the court does not have the flexibility to ignore that statutory command. The statute is not a rule of court which may be relaxed. Its command may be procedural, but it is a congressional command, perhaps unwise, but a command nonetheless.

■ Thus, if the plaintiff is to have a hearing on the *merits*, it is essential that the transcript which the statute commands be part of the answer, be filed. Since it is part of the answer, the whole answer must be filed if the transcript which is a part of the whole is to be filed.

All factors considered, and the collateral issue put to one side for this purpose, the court sees no course but to allow the answer, including the transcript which is part of it, to be filed when it was filed, as of time. Only in this way can the merits be heard and decided within the scope of this judicial review.

The collateral issue is grounded on a letter, sent in 1975 by HEW's chief of litigation to the Department of Justice, providing information bearing on the internal procedures of HEW and the time spans involved for each step, which are said to hinder HEW in meeting the 60-day period for filing answer including the transcript. The letter, which is in no way authenticated, and which is not part of the record, indicates that the volume of matters in 1975 was at a level such that the compilation of transcripts and records was not undertaken at all unless a civil action were filed for judicial review.

When judicial review is sought, the first step is to compile the record. This includes the process of transcribing the formal hearing before the Administrative Law Judge, a hearing recorded on magnetic tape and not by a certified shorthand reporter. The preparation of such transcripts is inherently slow. It takes as long to play the tape as it took to make it. Unidentified voices must be assigned to one person or another by a

transcriber who was not present at the hearing. Some passages must be replayed a number of times where the recording is indistinct, or where several persons talk at once.

Once the record is compiled, it is reviewed within HEW, which is the client of the Department of Justice, to evaluate the question whether the judicial review should be resisted or not. One question would naturally be whether the decision is consistent with HEW policy nationwide, which ought to be uniform.

Only after these internal steps are completed is the client, HEW, in a position to reproduce the transcript and instruct its attorneys in the Department of Justice.

This is the general theme of the 1975 letter. Whether the system is good or bad, whether conditions are the same, or better or worse, the court has no way of knowing.[3]

It does not seem prudent or rational to expect a court having a very limited function on review of an HEW decision, to undertake the obviously massive evidential effort which the collateral issue implicates. What plaintiff seeks to do is to use this single, individual suit for review as a vehicle to have the court oversee the effectiveness and efficiency of internal operations of HEW as a whole.

The court suggested that this object would be achieved better by a suit for mandamus, for which jurisdiction is provided by 28 U.S.C. § 1361 to compel the Secretary of HEW to do her duty, i. e., to file the certified transcript as part of the answer, as commanded by 42 U.S.C. § 405(g), within the 60 days set by F.R.Civ.P. 12. Plaintiff's counsel contends that *Weinberger v. Solfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) stands in the way.

On review of that decision, the court is of the view that it does not stand in the way of a mandamus action under § 1361. *Weinberger* was an action to challenge the constitutionality of statutory definitions of eli-

gible beneficiaries. The court ruled that this issue could be raised and decided only through the vehicle of a § 405(g) judicial review, and not by an independent suit claiming jurisdiction under § 1331 (federal question). The support for the ruling was in the prohibition of suit, found in § 405(h), where the suit is brought under "§ 41 of Title 28". This reference, as observed in footnote 3 in *Weinberger,* is to the 1940 Edition of the U.S.Code. For reasons best known to the later revisors of the Code, the old reference remains unchanged.

In any event, the court has examined former 28 U.S.C. § 41 (1940) and finds that the jurisdiction encompassed by § 1361 is not within its compass. In fact, § 1361 originated as Pub.L. 87–748, Oct. 5, 1962, long after the former § 41 had been distributed elsewhere by later revisions.

Thus, *Weinberger* did not consider, much less decide, whether a 1962 grant of jurisdiction, enacted long after 28 U.S.C. § 41 (1940) had disappeared as a meaningful reference, is within the scope of the prohibition of § 405(h). Whether it is or not is not decided here, for the complaint does not seek relief in the nature of mandamus, nor does it assert jurisdiction under § 1361. For that reason, *Weinberger* does not stand in the way.

Whether or not the disposition made on the motion for extension of time preserves this collateral issue for appeal is a question this court cannot decide. It has recorded all the considerations so that the issue will be preserved, if it can be at all. It may be that a higher court will decide that the issue is of that kind which is capable of repetition, yet evades review. It may decide that there is jurisdiction for mandamus relief under § 1361, despite § 405(h).

Those questions are for the future. For the moment, leave is granted to HEW to file answer, with the certified transcript as part of the answer, on the date recorded by the clerk, as within time. Submit order accordingly.

**3.** At oral argument, both parties agreed that the 1975 letter relied on by plaintiff could be accepted as authentic and made part of the

record. A separate order is entered for that purpose.