CHARLES MORAN ET AL., PLAINTIFFS IN ERROR, v. THE MAYOR AND ALDERMEN OF JERSEY CITY, DEFEND-ANTS IN ERROR.

| 58 | 653 |
| 60 | 169 |
| 58 | 653 |
| f62 | 385 |
| 58 | 653 |
| f63 | 311 |
| 58 | 653 |
| 64 | 589 |
| 58 | 653 |
| 70 | 250 |

1. Upon a writ of error brought to reverse the judgment of the Supreme Court rendered upon proceedings in *certiorari* to review a municipal assessment for benefits, the finding of the Supreme Court upon questions of fact is a finality.
2. The act of 1881 (*Pamph. L.,* p. 34; *Rev. Sup.,* p. 84), by which the Supreme Court is empowered to decide disputed questions of fact, does not apply to this court.

On error to the Supreme Court.  For opinion of Supreme Court, see *ante p.* 144.

For the plaintiffs in error, *Collins & Corbin.*

For the defendants in error, *Spencer Weart.*

The opinion of the court was delivered by

GARRISON, J.  This writ of error brings up the judgment of the Supreme Court affirming the final assessment for benefits for improvements to lands of the prosecutors.  The legislative course prescribed and pursued in the premises (*Pamph.*

*L.* 1871, *p.* 1094) includes a report of commissioners of assessment to the board of works and an adjudication thereupon by that body.   From this action the prosecutors, by writ of *certiorari,* appealed to the Supreme Court, where, upon such proofs as the parties saw fit to produce, the judgment was rendered which this court is now asked to review.   Upon a writ of error in such case the finding of the Supreme Court upon questions of fact is a finality.   That court, in the absence of statutory provision, is powerless to determine a dispute of this nature. . The act of 1871 (*Pamph. L., p.* 124) conferred such power in certain cases, which, by subsequent enlargement, has been extended to " the proceedings of statutory tribunals." *Rev. Sup., p.* 84.   These statutes do not apply to this court, nor is there any intimation in these acts of a legislative purpose to disturb its purely appellate character.   The title of the original act, viz., "An act relative to the writ of certiorari," does not in terms apply to writs of error, while it points unerringly to that court whose prerogative the writ of *certiorari* is.   The body of the act likewise indicates with entire clearness that the court upon which the additional power is bestowed is one that already possesses the organs necessary to its proper assimilation, since it is enjoined to institute its inquiry " by deposition or in such other manner as is according to its practice," language that is wholly devoid of application to this court.

There is a statute that applies to this court in cases that come within its provisions.   *Pamph. L.* 1881, *p.* 194; *Gen. Stat., p.* 3404.

By virtue of this act all courts are required, where any tax or assessment is set aside or reversed for irregularity or defect in form or illegality, to amend such errors and if need be to ascertain for what amount the property is legally liable.   For obvious reasons the case before us does not fall within the category unless it be decided that such legal defect exists, a matter with respect to which this court deals without statutory aid.

If we eliminate from the case all contention of fact, there

appears to be no semblance of illegality in the assessment brought here by this writ. The argument that the commissioners, the board of works and the Supreme Court have proceeded upon wrong principles, when reviewed in the light of the established propriety of their finding upon matters of fact, is merely to reopen a question that is definitively closed. The circumstance mainly relied upon as indicating that a wrong principle of valuation has been followed is that the property of the prosecutors is almost uniformly adjudged to be benefited more than that of adjoining owners, but this is a question of fact upon which three competent tribunals have passed. In the face of the established fact that the values, benefits and damages returned with this writ are in all respects true, it is a contradiction in terms to say that the principle adopted was at fault, since in such case the only principle involved is the ascertainment of the truth. This being so, there is nothing before us upon which a writ of error can operate.

The judgment of the Supreme Court is affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GARRISON, GUMMERE, LUDLOW, MAGIE, VAN SYCKEL, BARKALOW, BOGERT, NIXON. 11.

*For reversal* — None.