THE YELLOW PINE COMPANY, PLAINTIFF IN ERROR,. v. THE STATE BOARD OF ASSESSORS, DEFENDANT IN ERROR.

Submitted March 27, 1905—Decided June 19, 1905.

In cases of *certiorari*, in which the Supreme Court is empowered to determine disputed questions of fact as well as of law, under the provisions of section 11 of the revised Certiorari act of 1903, the adjudication of that court on questions of fact is final, and not open to review on writ of error, if there appear facts on which its conclusion could be based.

On error to the Supreme Court. For opinion of that court, see 41 *Vroom* 590.

For the plaintiff in error, *George L. Record.*

For the defendant in error, *Robert H. McCarter*, attorney-general.

The opinion of the court was delivered by

MAGIE, CHANCELLOR. The judgment of the Supreme Court removed here by this writ of error affirmed the validity of a tax imposed by the state board of assessors upon the Yellow Pine Company, the plaintiff in error, for the year 1903, under the provisions of the act entitled "An act to provide for the imposition of state taxes upon certain corporations, and for the collection thereof," approved April 18th, 1884, as amended by a supplement thereto, approved February 19th, 1901. *Pamph. L., p.* 31.

The matter was presented to the Supreme Court by a return of the state board of assessors to a *certiorari* sued out by the plaintiff in error.

Two reasons were assigned for setting aside the tax—*first,* that the corporation was a manufacturing company, more than fifty per cent. of whose capital stock issued and outstanding was invested in manufacturing carried on within this state; and *second,* that the assessment of the tax upon the corporation was illegal for divers other unspecified reasons.

There is nothing in the opinion delivered in the Supreme Court to indicate that it was there contended that the tax under review was in any respect illegally assessed, unless it had been successfully shown to the court that the corporation on which it was imposed was exempted from such tax. No other illegality has been claimed or suggested in this court.

The matter was brought to hearing in the court below upon depositions taken upon notice, and it may be presumed to have been thus presented under the provisions of section 11 of the revised Certiorari act of 1903 (*Pamph. L., p.* 343), which were in force when the *certiorari* was allowed. No objection to this course of practice seems to have been made in the Supreme Court, and none has been suggested here. It is not, however, improper to notice that the provisions of section 11, above referred to, which empower the court, in a case of *certiorari,* to determine disputed questions of fact as well as of law, and to inquire into facts by depositions, are not as broad as were the provisions of section 9 of the revised Certiorari act of 1874, as the same were amended in 1895. *Gen. Stat., pp.* 367, 370. By that section the power was conferred in cases of *certioraris* removing "any tax or assessment." The present act, by section 11, omits the word "tax."

While both acts confer power in cases of *certioraris* reviewing the proceedings of a special statutory tribunal, it may perhaps be questionable whether the state board of assessors, in imposing such tax upon corporations under the provisions of the applicable act, constitute a special statutory tribunal whose decisions may be thus reviewed.

Assuming, however, as was done on the argument, that the matter was thus properly presented to the Supreme Court, it is obvious that the disputed question was one of fact, and was so considered and decided by that court. The claim of the prosecutor of the *certiorari* was that it was a manufacturing corporation, at least fifty per cent. of whose capital stock issued and outstanding was, on January 1st, 1903, invested in manufacturing carried on within this state, and that it was thereby exempted from such tax on corporations by the proviso contained in the supplement of 1901, *ubi supra,* which declared that the act imposing such tax should not apply "to * * * manufacturing * * * corporations, at least fifty per cent. of whose capital stock issued and outstanding is invested in- * * * manufacturing carried on within the state." The Supreme Court adjudged that the depositions did not establish, as matter of fact, the condition which made applicable this exemption clause.

Upon writs of error bringing into this court judgments of the Supreme Court in cases in which disputed questions of fact have been there settled under the authority of section 9 of the former Certiorari act, this court has uniformly held that the adjudication of the Supreme Court on questions of fact is a finality, and not open to review here, if there were before that court any facts upon which their adjudication could rest. *Moran* v. *Jersey City,* 29 *Vroom* 653; *Vreeland* v. *Bayonne,* 31 *Id.* 168; *Morris* v. *Bayonne,* 33 *Id.* 385; *Morris & Cumming Dredging Co.* v. *Jersey City,* 35 *Id.* 587.

The same rule is evidently to be applied to cases in which the Supreme Court has determined disputed questions of fact under the provisions now applicable and contained in section 11 of the present Certiorari act.

That there were before the court facts upon which it might well determine that the prosecutor of the *certiorari* had not made out its claim for exemption is obvious. By the deposition of the secretary and treasurer of the company, it appeared that the capital stock of the company issued and outstanding on January 1st, 1903, was $1,845,700, fifty per cent. of which would be $922,850. He further testified that the

company was engaged in the manufacture of lumber, and therein employed a tract of land in Hoboken, estimated to be worth $600,000, a saw mill and machinery which cost $30,000, and a stock of lumber upon said tract worth $96,000. If all these items were used in manufacture within the meaning of the proviso, their total valuation was $726,000. If there were added thereto other items of cash and receivable accounts, and they could be attributed to investments in carrying on the business, the total amount, still, was less than fifty per cent. of the capital stock issued and outstanding. Not only were there facts before the Supreme Court on which their judgment might well be based, but the facts required that judgment beyond any doubt.

The result is that the judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DIXON, FORT, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY. 11.

*For reversal*—None.