TRENTON HEAT AND POWER COMPANY, PROSECUTOR, v.
STATE BOARD OF ASSESSORS.

Submitted December 12, 1905—Decided June 11, 1906.

1. The state board of assessors have no authority to assess a franchise tax upon a corporation, which neglects or refuses to make the return required by statute, in excess of the capital stock of such corporation actually issued and outstanding. They can only tax that which by law is taxable.
2. In making the assessment of the annual license fee or franchise tax upon a corporation which has neglected or refused to make return within the time required by law, the state board of assessors is a special statutory tribunal, and its proceedings are subject to review under the *certiorari* power of this court, and upon such review the court may determine disputed questions of fact.

On *certiorari.*

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *John H. Backes.*

For the defendant, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

FORT, J.    This writ brings up for review an assessment laid under the General Corporation Tax act of 1884 and its supplements. *Gen. Stat., p.* 3335; *Pamph. L.* 1892, *p.* 136; *Pamph. L.* 1901, *p.* 31.

The prosecutor is a domestic corporation, and alleges that it has been assessed by the state board of taxation on its capital stock in excess of the amount issued and outstanding.

The facts are not in dispute. The prosecutor's authorized capital stock is $500,000. It appears by a stipulation in the case that only $5,000 of its capital stock was actually issued and outstanding.

It is also undisputed that the prosecutor failed to make any return to the state board of assessors pursuant to the require-

ments of section 1 of the supplement of 1901 of the Corporation Tax act (*Pamph L., p.* 31), and that the assessment made was made by the state board of assessors pursuant to the authority conferred by section 3 of the Corporation Tax act of 1884, as amended by the supplement of 1901. *Pamph. L., p.* 137, § 3. This last-cited act provides: "If any such corporation shall neglect or refuse to make such return within the time limited as aforesaid, the state board of assessors shall ascertain and fix the amount of the annual license fee or franchise tax, and the basis upon which the same is determined, in such manner as may be deemed by them most practicable, and the amount fixed by them shall stand as such basis of taxation under this act."

Under the authority thus conferred, the prosecutor not having made any return of its capital stock issued and outstanding on January 1st, 1904, on or before May 1st, 1904, the state board of assessors proceeded to fix the amount thereof at $500,000.

It is contended by the learned attorney-general that because of the default to make return that the imposition by the state board is in' the nature of a penalty, and that the prosecutor should not be relieved by the court in this proceeding. This question, however, seems concluded in this court by previous decisions. *Newark Brass Works* v. *State Board,* 34 *Vroom* 500; *New Jersey Zinc Co.* v. *Hancock, Id.* 506; *People's Investment Co.* v. *State Board,* 37 *Id.* 175.

In the last case, Mr. Justice Garretson, speaking for the court, says: "There is nothing authorizing the levy of any franchise tax other than that upon capital stock actually issued and outstanding," thus intimating that while the state board may determine what the tax shall be, they can only fix the amount to be assessed upon the capital stock that is actually issued and outstanding.

The tax here, being concededly laid upon more stock than was issued and outstanding, is in excess of the power to tax conferred upon the state board by the statute. They can only tax that which by law is taxable. To tax more is beyond their jurisdiction.

But it is further contended that the court cannot determine questions of fact upon *certiorari* in tax cases under the revision of 1903. *Pamph. L., p.* 343. The *Certiorari* act, revised, omitted the word "tax" which was in the supplement of 1895 to the *Certiorari* act of 1874. *Gen. Stat., p.* 370, § 18.

And it has been held that without this statutory direction to inquire into and determine questions of fact this court will not do so. *Craft* v. *Smith,* 6 *Vroom* 302; *Jeffrey* v. *Owen,* 12 *Id.* 260.

Chancellor Magie, in an opinion in the Court of Errors, raises a question as to the effect of the omission of the word "tax" from the revision of 1903, and as to whether on *certiorari,* since the revision, the court can in tax cases determine questions of fact. *Yellow Pine Co.* v. *State Board,* 43 *Vroom* 182.

The revision of 1903 reads as follows:

"In all cases of writs of *certiorari,* brought to remove any assessment or other order or proceeding touching any local or public improvement, or to review the proceedings of any special statutory tribunal, the court shall determine disputed questions of fact as well as of law." *Pamph. L.* 1903, *p.* 346, § 11.

The state board of assessors is an inferior tribunal with special statutory powers as to levying a tax upon the capital stock of certain corporations incorporated under the laws of this state, and is a special statutory tribunal to ascertain and fix the amount of the annual license fee or franchise tax upon any company which shall neglect or refuse to make return within the time limited by law. *Pamph. L.* 1892, *p.* 137, § 3. Its proceedings are subject to review under the *certiorari* power of this court, and the court may inquire into the way it has exercised its power and whether it has kept within its jurisdiction and the prescribed classes of subjects upon which it may act. *Traphagen* v. *Township of West Hoboken,* 10 *Vroom* 232; *S. C., affirmed,* 11 *Id.* 193.

In Gulick *v.* Groendyke, Mr. Justice Scudder, speaking concerning the section of the *Certiorari* act now under review,

said: "The evident purpose of the legislature has been to enlarge the jurisdiction of this court, where extraordinary authority has been given to special tribunals, to settle rights of property. This has been found necessary by the wrongs which were done in some cases by informal tribunals proceeding without the orderly and careful method of courts of law. Hasty and inconsiderate exercise of the great powers given to individuals called from their ordinary business to become judges of the rights of others should certainly be subjected to the review of some court, both as to law and the facts. This is now the declared intent of our law, and the statute giving such review will be liberally construed." *Gulick* v. *Groendyke,* 9 *Vroom* 114, 115.

The tax here imposed is admittedly illegal and assessed against the corporation in a manner not permitted by the Corporation Tax act, viz., upon capital stock not issued and outstanding.

The jurisdiction of the state board to assess franchise taxes upon companies not making a return is limited to the ascertainment of and the making of an assessment upon the capital stock of such companies issued and outstanding. They must ascertain as best they can what amount that is, and if they assess excessively, the company must pay the tax or be at the expense of correcting it through the *certiorari* power of this court for the review and correction of errors of special statutory tribunals.

Reaching this conclusion on the theory that the state board of assessors, in fixing the franchise tax upon corporations failing to make proper return, acts as an inferior or special statutory tribunal, it is unnecessary to decide whether the omission of the word "tax" from the revision of 1903 changes the power of the court to determine questions of fact where a "tax" is under review on *certiorari*.

The duty to determine disputed questions of fact under writs of *certiorari* to review proceedings of special statutory tribunals is clear under the revision of 1903.

The assessment brought up is illegal and is set aside, without costs.