FERDINANDO GEORGE ET AL., PLAINTIFFS IN ERROR, v.
THE BOARD OF EXCISE OF THE CITY OF ELIZABETH
ET AL., DEFENDANTS IN ERROR.

Submitted March 25, 1907—Decided June 17, 1907.

A decision of a question of fact decided by the Supreme Court upon
    *certiorari* is binding upon this court, and not open to review on
    writ of error if there appears to have been competent evidence
    upon which its conclusion could have been based.

On error to the Supreme Court. The opinion of the Supreme Court is reported in 44 *Vroom* 366.

For the plaintiffs in error, *Clarence D. Meyer* and *Edward Q. Keasbey*.

For the defendants in error, *James C. Connolly*.

The opinion of the court was delivered by

TRENCHARD, J. The writ of *certiorari* issued out of the Supreme Court in this case brought up the action of the board of excise of the city of Elizabeth in granting a license to sell liquors in a new place within two hundred feet of what was claimed to be a church.

The Supreme Court affirmed the action of the municipal board and the correctness of that judgment is here for review.

The ground upon which the prosecutors relied was that the license in question was granted contrary to the provisions of an act approved March 8th, 1905. *Pamph. L., p.* 42. This act is amendatory of section 11 of the act of 1889 and provides as follows:

"No license to sell spirituous, vinous, malt or brewed liquors by less measure than one quart shall be granted by any court, excise board or other board or authority having power to grant licenses * * * in any new place within two hundred feet of a church, school-house or armory; the

two hundred feet limit herein mentioned shall be ascertained by measurement from the nearest point of the church edifice, school-house or armory to the nearest point of the building wherein such liquors or any of them are intended to be sold."

It was contended by the prosecutors that the testimony showed the existence of a church within the prescribed limit.

Upon consideration of such proofs as the parties saw fit to produce the Supreme Court found otherwise.

Regarded in this light, the judgment of the Supreme Court must be affirmed. The controversy in that court was essentially one of fact, viz., whether there was a church within the prescribed limit. The court found that there was not.

A decision of a question of fact decided by the Supreme Court upon *certiorari* is binding upon this court and not open to review on writ of error if there appears to have been competent evidence upon which its conclusion could have been based. *Moran* v. *Jersey City,* 29 *Vroom* 653; *Delaware, Lackawanna and Western Railroad Co.* v. *Newark,* 34 *Id.* 310; *Morris & Cummings Dredging Co.* v. *Jersey City,* 35 *Id.* 587; *Suburban Land Co.* v. *Vailsburg,* 39 *Id.* 311; *Yellow Pine Co.* v. *Board of Assessors,* 43 *Id.* 182.

The testimony before the Supreme Court was competent and certainly did not compel any other conclusion than that reached by the court.

The result is that the judgment of the Supreme Court must be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, FORT, HENDRICKSON, PITNEY, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 13.

*For reversal*—None.