THE STATE, JOHN L. MUNDY ET AL., PROSECUTORS AND
DEFENDANTS IN ERROR, v. ASBURY FOUNTAIN AND
JAMES FOUNTAIN, DEFENDANTS AND PLAINTIFFS IN
ERROR.

Argued June 19, 1908—Decided November 16, 1908.

The board of water commissioners of Perth Amboy passed a resolu-
tion for the purchase of a tract of land for the price of $15,500,
which land the Supreme Court found to be worth not more than
$1,000. The resolution was set aside because the price was un-
reasonable and because the board should have resorted to its
power to condemn instead of paying this exorbitant price. *Held*,
there being evidence to support the finding of fact by the Supreme
Court, that finding will not be reviewed by this court. *Held*, that
the power to condemn this land existed.

On error to the Supreme Court, whose opinion is reported
in 46 *Vroom* 25.

For the plaintiffs in error, *George S. Silzer.*

For the defendants in error, *Adrian Lyon.*

The opinion of the court was delivered by

REED, J. This writ brings up a judgment of the Supreme
Court setting aside a resolution of the board of water commis-
sioners of the city of Perth Amboy for the purchase of thirty-
two and a half acres of land for the sum of $15,500.

The Supreme Court held that the testimony showed that
the price was unreasonable, as it could not have been reason-
ably apprehended that the fair market value of the tract was
more than $1,000.

There was abundant testimony to support this finding, and
the Supreme Court having so found as a matter of fact, this
court will not review it. *Moran* v. *Jersey City,* 29 *Vroom*
653; *Vreeland* v. *Bayonne,* 31 *Id.* 168; *Snyder* v. *Commer-
cial Union Assurance Co.,* 38 *Id.* 626; *Lehigh and Wilkes-
Barre Coal Co.* v. *Junction,* 46 *Id.* 922.

The Supreme Court also observed, that upon the board was conferred the power of condemnation to meet such a situation, and that the failure of the board to have recourse to condemnation proceedings in view of the excessive purchase price demanded was an unreasonable and improvident exercise of the power conferred upon the board.

The counsel for the plaintiffs in error denies that this power to condemn existed. He insists that the power to condemn contained in the act of 1876, "To enable cities to supply the inhabitants thereof with pure and wholesome water" (*Gen. Stat., p.* 646), could not be employed by Perth Amboy because it was supplying water to South Amboy; while the power to condemn was only conferred for the purpose of supplying the inhabitants residing within the corporate limits of the condemning city. But the purpose for which the power to purchase and condemn was conferred could be enlarged by subsequent statutes, and was so enlarged by the acts. *Pamph. L.* 1885, *p.* 267; *Id.* 1886, *p.* 272; *Gen. Stat., p.* 655.

But aside from this it is to be observed that the contention of the plaintiffs in error if sound, would strip Perth Amboy of the power to purchase the land and water in question; for power to purchase land and water rights stands upon the same footing as the power to condemn. With the exception that there must be an inability to agree as a condition precedent to condemnation, both rights cover the same subject-matter and exist upon the same condition.

It is also insisted by the plaintiffs in error that the provisions of the act of 1907 (*Pamph. L., p.* 633, § 2) stood in the way of condemnation. The section mentioned enacts that "No municipal corporation shall have power to condemn land or water from any new or additional source of water-supply until the water-supply commission shall have approved same." It is to be observed, first, that this legislation was not in existence at the time the resolution to purchase this land was passed, namely, on June 6th, 1906; secondly, if it had existed, the duty would have been upon the board of water commissioners to apply for the approval of the plant as a step preliminary to condemnation proceedings.

Again it is said there could have been no condemnation unless Perth Amboy had already acquired a plant; but Perth Amboy had a plant; but if it had none and the power to condemn was for this reason absent, that would annul the power to purchase as well as the power to condemn.

The judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, REED, PARKER, BERGEN, MINTURN, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, J.J.   11.

*For reversal*—None.