TUCKERTON RAILROAD COMPANY, PLAINTIFF IN ERROR, v. STATE BOARD OF ASSESSORS, DEFENDANTS IN ERROR.

Submitted December 7, 1908—Decided March 1, 1909.

The finding of the Supreme Court on a matter of fact will not be re-viewed on error if there is any evidence to support it.

---

On error to the Supreme Court, whose opinion is reported in 46 *Vroom* 157.

For the plaintiff in error, *Herbert A. Drake.*

For the defendants in error, *Edmund Wilson,* attorney-general, and *Nelson B. Gaskill,* assistant attorney-general.

PER CURIAM.

The judgment under review in this case affirmed a tax imposed by the state board of assessors upon the property of the Tuckerton Railroad Company used for railroad purposes, including its franchises. The grounds upon which the validity of the tax was assailed in the court below, and is here, are,

*first,* that the tax was assessed upon an erroneous principle, and *second,* that the valuation upon which it is based is excessive. The conclusion reached by the Supreme Court was that the valuation "was reasonable, and not based upon any wrong principle."

The return made by the state board of assessors to the writ of *certiorari,* which brought up the tax to the Supreme Court, does not disclose "the principle" adopted by it in valuing the company's property, except that it ascertained its "true value." The contention on behalf of the company is that the value placed upon its property by the state board is excessive, and not its true value, and that therefore the board must have adopted an erroneous principle in determining that value. But neither of these contentions can prevail in this court. The Supreme Court has found, as a matter of fact, that the valuation of the state board was a reasonable one, and that finding will not be reviewed here if there is any evidence to support it. *Moran* v. *Jersey City, 29 Vroom* 653; *Delaware, Lackawanna and Western Railroad Co.* v. *Newark, 34 Id.* 310. That there was such evidence is apparent from an examination of the case. The state board not having assessed this property beyond its true value, the contention of the plaintiff in error, that the valuation placed upon it forces the conclusion that a wrong principle was adopted in making it, of course falls to the ground.

The judgment under review will be affirmed.

*For affirmance*—The Chief Justice, Garrison, Swayze, Reed, Trenchard, Parker, Bergen, Voorhees, Minturn, Bogert, Vredenburgh, Vroom, Gray, Dill, J.J. 14.

*For reversal*—None.