

# THE ATTORNEY GENERAL

# OF TEXAS

GROVER SELLERS

~~XXXXXXXXXXX~~N
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Bert Ford, Administrator
Texas Liquor Control Board
P.O. Box 56
Austin 1, Texas

Dear Sir:                    Opinion No. 0-7477
                             Re:  Under the given facts is the
                                  applicant entitled to a package
                                  store permit at a certain loca-
                                  tion?

        This acknowledges receipt of your letter of recent date
which reads:

        "You will find attached a copy of a letter
and a diagram from Hon. T. A. Hicks, City Attorney,
of Wichita Falls, which is self-explanatory.

        "I. J. Wolfson seeks a Package Store Permit
for a location less than 300 feet from 721½ Ohio
Avenue, which is the entrance to a building where
the rear portion of the second story of said build-
ing is used by a mission, which is more than 300
feet from the main door of the premises for which
a Package Store Permit is sought.

        "Under the circumstances, is I. J. Wolfson
entitled to a Package Store Permit?"

        Mr. T. A. Hicks letter of October 25, 1946, to you
reads:

        "I have your letter of October 24, 1946 con-
cerning Section 25A, Page 25, Article 1 of the
Texas Liquor Control Act, also the Attorney Gen-
eral's opinion of March 19, 1940.

        "I do not believe the opinion answers our
question.  I. J. Wolfson desires to open a Package
Store at 513 8th Street, as you will note by the
map.  The Chapel we refer to is located in a build-
ing 721½ Ohio Avenue being the entrance to a 2-story
building.  The religious organization as shown by
the map enclosed in our former letter is on the second

floor and in the rear of the building. From the entrance at 721½ Ohio Avenue leading up a stair way to the second floor and down the hall to the door in which the Mission is located is some 73 feet. This door and entrance to the Chapel is over 300 feet away, so that would place the Mission more than 300 feet from 513 8th Street, so keep in mind that no portion of the Chapel is on the lower floor.

"We conceed that from 513 8th Street to the opening door of 721½ Ohio Avenue is less than 300 feet, by measuring up stairs and back to the rear of the building on the second floor the Chapel is located more than 300 feet from 513 8th Street.

"For instance is the front door to any building regardless of its height and size the controlling factor? For example in your City from some point, a package store was within 252 feet of the Little-field Building; say its front door, but up on the 10th story some religious organization rented rooms for a Mission and by measurements it would be more than 300 feet to their particular location. Would the front door of the Littlefield Building be the controlling factor in denying a Package Store Permit or would it be the distance from the door of the office space used by the Mission?"

In the recent case of Stubbs v. Texas Liquor Control Board, 166 S.W. (2d) 178, error refused, the Court of Civil Appeals quoted with approval the following language of 15 R.C.L. 372-373:

"In applying the prohibition against sales near churches, great liberality is exercised . . . <u>Any structure used principally for religious worship and Bible study is included</u> (within the meaning of a church building) although some of its rooms may be used by societies incidental to the church. . . ." (Words in parentheses and emphasis added).

Thus, the question here presented is not one of measurement but is rather a question as to whether or not the building in which the Mission Chapel is located is used principally for religious worship. Such question is not for this department to pass upon.

For your information, however, we cite 30 American Jurisprudence 437:

"However, the restraint (against liquor sales near churches) is usually held not to apply to places used occasionally for preaching . . . or a building occasionally used for entertainments for the benefit of a church, or to one used by an unorganized body as a mission for Bible study and meetings, <u>particularly when most of the building is used for residential and commercial purposes</u>." (Words in parentheses and emphasis added).

See also George et al v. Board of Excise of City of Elizabeth, 63 Atl. 870, affirmed in 67 Atl. 599.

It is, therefore, the opinion of this department that:

(1)  If the building in question is used principally for purposes of religious worship, then I. J. Wolfson is not entitled to a package store permit at 513 8th Street.

(2)  If said building is not used principally for purposes of religious worship, then I. J. Wolfson is entitled to a package store permit at 513 8th Street.

We trust that the foregoing fully answers your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/William E. Stapp
William E. Stapp
Assistant

WES:zd:wc


APPROVED NOV 15, 1946
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman